(77 Misc. Rep. 251.)

### In re CONNELL.

(Supreme Court, Special Term, Queens County. June, 1912.)

MANDAMUS (§ 118*)—PAYMENT OF TAX LIEN—REFUSAL TO ACCEPT.

A motion to compel the collector of assessments and arrears of taxes in New York City to accept the amount of a lien tendered by a person interested in the premises, to receive payment and cancel a transfer of the tax lien, is unauthorized by statute. and the only remedy is by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 250; Dec. Dig. § 118.*]

Application of Charles Connell for an order directing the collector of assessments to cancel a tax lien. Motion denied.

George W. Foren, of Far Rockaway, for petitioner.
David Zirinsky, for respondent-lienor.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

o

BENEDICT, J. This is an application to cancel what is called a "transfer of tax lien"; the petitioner having tendered the amount of the tax lien to the collector of assessments and arrears, who refused to accept it.

Under the amendments of 1908 to the city charter, the method of enforcing tax liens seems to have been altered. Section 1027 of the charter (Laws 1901, c. 466), as amended by the Laws of 1908 (see Laws 1908, vol. 2, p. 1726), provides for the sale of tax liens "for the lowest rate of interest, not exceeding twelve per centum per annum, at which any person or persons shall offer to take the same in consideration of advancing" the taxes and interest, etc. An instrument called a "transfer of tax lien" is to be issued to the purchaser. Id. § 1030. The tax lien is to become due three years after the sale, and meanwhile the purchaser has the right to receive interest at the rate bid, and, if default be made for 30 days in the payment of interest, to declare the whole amount presently due. Id. § 1032. A person interested in the premises subject to the lien may discharge the lien in one of two methods. One is by giving notice to the holder of the day on which payment will be made. This must be given *before maturity*. The other method is by payment of the amount of the lien, with interest at the rate bid to a date six months from the date of such payment, to the collector of assessments and arrears, whose duty it is to receive the payment on behalf of the holder of the tax lien. Id. § 1032. This was the course adopted in the case under consideration. It is the collector's duty, on receiving payment, to discharge the lien, and to pay over the money to the holder of the "transfer of tax lien" on his surrendering the same. Id. §§ 1032, 1033.

In this case the collector refused to receive the money tendered by the petitioner, on the ground that the holder of the tax lien had begun an action to foreclose it for nonpayment of interest due January 1, 1912. An attempt was made to commence such an action, but there can be no question but that it was not well begun. The summons names as defendants John Connell and "Mrs. John" Connell, his wife, the people of the state of New York, the city of New York, and "John Doe," and "Richard Roe," whose names are stated to be fictitious, and who are described as tenants of the premises. John Connell is dead, and the petitioner is one of his heirs. The smmons and complaint were served on petitioner, and it is claimed that he is the person therein designated as "John Doe." But it is evident that he is not the person who was intended to be designated by that name, for "John Doe" is described in the summons as a tenant of the premises.

It is not permissible for a plaintiff to include fictitious names promiscuously in his summons, and afterward, when persons have been discovered who have an interest in the litigation, to claim that such persons were the ones intended to be designated, and this is even more clearly the rule where the plaintiff has himself limited the application of the fictitious name to a person claiming in a different right from that of the defendant subsequently dis-

covered and sought to be charged. Hence the action was not well begun.

But the question remains: Did petitioner attempt to pay the money to discharge the tax lien "before maturity"? The interest was then 30 days overdue, and the holder had attempted to commence foreclosure, thereby evidencing his election to declare the whole sum due. This constitutes one question in doubt.

The other question relates to the right of the petitioner to maintain a summary proceeding of this kind for the relief he seeks, instead of proceeding by mandamus. Section 1033 of the charter, as amended in 1908 (see Laws of 1908, vol. 2, p. 1733), provides that if the "transfer of tax lien" has been lost, destroyed, or mutilated, if payment has been made to the collector of assessments and arrears, or if a certificate of discharge be filed as thereinafter provided, application for an order dispensing with the surrender of the transfer of tax lien may be made in the same manner as is provided in section 270a of the Real Property Law (now section 322 of the Real Property Law [Consol. Laws 1909, c. 50]), the provisions of which are made applicable, as far as may be, to the discharge of tax liens.

Section 322 of the Real Property Law relates to the discharge of mortgages in counties within cities of the first class. It provides, among other things, for a proceeding to dispense with the production of the mortgage where lost, destroyed, mutilated, etc.

Based upon these provisions, the foundation of petitioner's right to maintain this proceeding is very shadowy. The sections of the charter referred to do not provide any remedy for the person interested in the premises in case the collector of assessments and arrears refuses to receive his payment. It is provided (section 1033) that, if payment be made to the collector, application may be made for an order dispensing with the surrender of the "transfer of tax lien," but nothing is said of any motion to compel the collector to receive the payment. If he wrongfully refuses to do so, it would seem that petitioner's remedy is by mandamus.

The motion will therefore be denied; but, as the question is a novel one, no costs will be allowed.

Motion denied, no costs.